[Docket Nos. 1, 1-3]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

TYLER SULLIVAN, SR.,

               Plaintiff,

     v.

RYAN TIRRELL, HALI
DEROVANNA, PETRIA LEWIS,
and DAWN CARRUOLO,

               Defendants.

Civil No. 24-10958 (RMB-SAK)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed in forma pauperis ("IFP") by *pro se* Plaintiff Tyler L. Sullivan, Sr. [Docket Nos. 1, 1-3.] The IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be **GRANTED**.

## I.    SCREENING FOR DISMISSAL

When a plaintiff files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se. Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a

claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.    ANALYSIS

Plaintiff files this Section 1983 action against Ryan Tirrell, a caseworker for the New Jersey Division of Child Protection and Permanency ("DCP&P"), and three of Mr. Tirrell's supervisors, Hali Derovanna, Petria Lewis, and Dawn Carruolo ("Supervisory Defendants" and, together with Mr. Tirrell, "Defendants"). The Defendants are each sued in their individual capacities. [Docket No. 1-1 at 2–3.]

Plaintiff is in "active litigation" with DCP&P in child welfare proceedings before the New Jersey Superior Court. [Docket No. 1 ("Compl.") ¶ 10.] He alleges violations of his Fourteenth Amendment procedural due process rights based on Mr. Tirrell's alleged failure to provide Plaintiff with notice of upcoming hearings as well as other "information and updates" related to his case. [*Id.* ¶ 22.] He also alleges violations of his substantive Fourteenth Amendment right of familial association and his Fourteenth Amendment equal protection rights based on allegedly misleading and false testimony Mr. Tirrell provided in the state proceeding, which, Plaintiff alleges,

ultimately resulted in a no-contact order between Plaintiff and his stepchild. [*Id.* ¶¶ 23–24.] Finally, Plaintiff brings supervisory liability claims against the Supervisory Defendants whom he alleges "failed to intervene or take corrective actions regarding Mr. Tirrell's conduct as required by the nature of their positions" after Plaintiff "attempted to contact [the Supervisory Defendants] … without success." [*Id.* ¶¶ 16, 18, 25.]

*First*, "[t]o the extent that Plaintiff seeks review of any temporary or permanent child custody or parental rights determinations, his recourse lies in an appeal within the state court system because this federal court lacks jurisdiction to entertain these claims" which fall within the "longstanding exception to federal jurisdiction in matters involving domestic relations of husband and wife, and parent and child." *Foster v. New Jersey Div. of Child Prot. & Permanency*, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

*Second*, Plaintiff's procedural due process claim against Mr. Tirrell based on his alleged failure to provide notice to Plaintiff regarding upcoming hearings and other case updates fails for lack of personal involvement. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in a civil rights case must have personal involvement in the alleged wrongdoing). Section 1983 defendants "cannot be held legally accountable for the alleged process failure" if they did not have the "power to provide process to the plaintiff." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005). Here, Mr. Tirrell has neither the power nor the responsibility to provide Plaintiff with notice of upcoming hearings, and Plaintiff does not so allege. The power to provide Plaintiff

3

with process is committed by statute to DCP&P. *See* N.J.S.A. 9:6-8.41; *New Jersey Div. of Child Prot. & Permanency v. A.S.K.*, 199 A.3d 797, 821 (N.J. App. Div. 2017) (Guadagno, J., dissenting) (noting that it is *DCP&P*'s obligation under N.J.S.A. 9:6-8.41 to provide notice to the parent or guardian before the state court can hold a hearing). DCP&P is not a party to this action. And if the Superior Court failed to make the required finding that Plaintiff had adequate notice of the child welfare proceedings, his remedy is an appeal through the state system. He cannot attack that error in federal court.[1]

*Third*, Plaintiff's due process claims against Mr. Tirrell based on his allegedly false testimony fail because he is entitled to absolute immunity for allegedly false testimony given in court. *See Briscoe v. LaHue*, 460 U.S. 325, 341–46 (1983); *Serafin v. Montgomery Co., PA Off. of Child. + Youth*, 2019 WL 3425067, at *4 (E.D. Pa. July 29, 2019) (state child welfare workers entitled to absolute immunity based on testimony given in court even if that testimony was "based on falsehoods or [was] otherwise incorrect"); *see also Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("[C]hild welfare workers are entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings.") (citation omitted).

---

[1] Additionally, it appears that Plaintiff did, in fact, participate in the child welfare proceedings in the Superior Court describing, in his complaint, allegedly false testimony provided by Mr. Tirrell. [Compl. ¶¶ 17–18.]

*Fourth*, Plaintiff's supervisory liability claims fail because there is no respondeat superior liability under Section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Individual liability can be imposed under Section 1983 only if a state official played an affirmative part in the alleged misconduct. So, a supervisor can only be held liable for his or her personal involvement for alleged constitutional violations "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations that a supervisor had knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor are insufficient. *See C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201–02 (3d Cir. 2000).

Here, Plaintiff impermissibly alleges that the Supervisory Defendants are liable simply because they supervise Mr. Tirrell. [Compl. ¶ 25 ("[Supervisory Defendants] failed to take corrective action … as required by their positions as Mr. Tirrell's direct supervisors.").] And his allegations that the Supervisory Defendants had knowledge of Mr. Tirrell's conduct, [*id.*], are conclusory as well as belied by other allegations in the Complaint stating that Plaintiff never successfully contacted the Supervisory Defendants regarding Mr. Tirrell's alleged violations, [*id.* ¶ 18].

*Fifth*, Plaintiff's equal protection claims fail because he has not alleged that he was discriminated against because of his membership in a protected class. *See Kennan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992)).

5

*Finally*, even if this Court had jurisdiction over Plaintiff's claims and they were adequately pleaded, it would decline to exercise jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Federal courts should abstain from exercising jurisdiction under *Younger* in three categories of proceedings: (1) "ongoing state criminal prosecutions"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78–79 (2013) (internal quotations and citations omitted). If a court finds that a proceeding fits into one of the above categories, the court must then consider three additional factors articulated by the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. at 432: whether: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. *Sprint Commc'ns*, 571 U.S. at 81–82. If the three *Middlesex* factors are also satisfied, the Court should abstain from exercising jurisdiction unless the "state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances, such as where the state proceedings are based on a flagrantly unconstitutional statute." *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195,

1200 (3d Cir. 1992) (citing *Middlesex*, 457 U.S. at 435), *abrogation recognized on other grounds by PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871 (3d Cir. 2020).

Ongoing child welfare, custody, and removal proceedings are within the class of cases amenable to *Younger* abstention. Child welfare proceedings are akin to criminal prosecutions. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (approving application of *Younger* abstention in child-welfare litigation in the face of federal constitutional claims); *Yi Sun v. New York City Police Dep't*, 2020 WL 4530354, at *10 (S.D.N.Y. Aug. 6, 2020) ("Child welfare proceedings are akin to criminal prosecutions."). So, Plaintiff's ongoing child welfare proceeding is amenable to abstention under *Younger*'s first category. *See Thornton v. New Jersey*, 2024 WL 4441923, at *8 (D.N.J. Oct. 8, 2024); *Lewis v. Diaz-Petti*, 2019 WL 1856794, at *4 (D.N.J. Apr. 25, 2019) (applying *Younger* abstention to Section 1983 case brought against DCP&P); *Foster*, 2018 WL 6069632, at *3; *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 626 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("[C]hild custody proceedings are a strong candidate for *Younger* abstention."); *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018) (*Younger* applies to child-welfare and child-custody proceedings).

All three *Middlesex* factors also favor abstention. First, Plaintiff admits that there are "active" child welfare proceedings ongoing in the Superior Court. [Compl. ¶ 10.] Second, state child welfare proceedings implicate important state interests. *McDaniels v. N.J. Div. of Youth and Family Servs.*, 144 F. App'x 213, 215 (3d Cir. 2005) ("New

Jersey has a substantial interest in fair administration of child custody and parental

rights proceedings."); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th

Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of

children reflect an important state interest that is plainly within the scope of

[*Younger*]."); *see also Moore*, 442 U.S. at 435 ("Family relations are a traditional area of

state concern."). Third, "there is no reason why Plaintiff may not raise his

constitutional claims in the ongoing state proceedings." *Foster*, 2018 WL 6069632, at

*3. The Third Circuit has held that the Superior Court, Chancery Division, Family

Part constitutes a "continuing, open and available forum to raise any issues." *Anthony*

*v. Gerald Council*, 316 F.3d 412, 422 (3d Cir. 2003); *Lewis*, 2019 WL 1856794, at *5.

The Court is "unwilling to conclude that state processes are unequal to the task of

accommodating the various interests and deciding the constitutional questions that

may arise in child-welfare litigation." *Moore*, 442 U.S. at 435.[2]

Because this case falls within the class of cases contemplated by *Younger* and all

of the *Middlesex* factors are satisfied, abstention is appropriate. There are no allegations

---

[2] And to the extent Plaintiff's state court proceedings are now closed or he is challenging the no-contact order, his claims would likely still be barred by the *Rooker-Feldman* doctrine which prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "In other words, *Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citation omitted). "The Third Circuit has consistently held that the *Rooker-Feldman* doctrine prohibits suits brought in federal court where, as here, Plaintiff challenges the judgments of state family courts." *Adamo v. Jones*, 2016 WL 356031, at *7 (D.N.J. Jan. 29, 2016) (collecting cases).

that the state child welfare proceedings are being undertaken in bad faith or implicate the application of a flagrantly unconstitutional statute. Accordingly, the Court would, in the alternative, abstain under *Younger. Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) ("[D]istrict courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.").

## III.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and will **DISMISS** the Complaint **WITHOUT PREJUDICE**. An appropriate Order follows.

**May 21, 2025**                              **s/Renée Marie Bumb**
Date                                          RENÉE MARIE BUMB
                                              Chief United States District Judge